## JUSTICE v. McBROOM et al.

SUPREME COURT. *Petition to attach for contempt by heirs against new parties. Jurisdiction.* In a suit in equity for the abatement of a mill-dam, this court made a final decree that the same be reduced ten inches, and that the defendants and their agents be perpetually enjoined from raising the dam, which decree was executed by lowering the dam as directed; and afterward the complainant died, and his heirs have now filed a petition against persons alleged to have purchased the dam property pending the previous litigation, to attach them for contempt in again raising the dam. *Held*, that this court had no jurisdiction to entertain the application.

### PETITION TO ATTACH FOR CONTEMPT.

COOPER, J., delivered the opinion of the court.

On the 26th of January, 1876, a final decree was rendered by this court in this cause, delaring the mill-dam of the defendants a nuisance, and ordering it to be reduced ten inches lower than it was at the date of the decree of the Chancery Court, which was affirmed, so as to remove the obstructions caused by the overflow of complainant's mill-wheel and springs. Thirty days were allowed to defendants to comply with the decree, after which time a writ was directed to be issued to the sheriff to carry the decree into execution. It was further decreed "that defendants and their agents be perpetually enjoined from raising or keeping their mill-dam higher than within ten inches of the height of the present dam at the date of the decree of the court below." In pursuance of the decree an order was

issued to the sheriff, who executed it by cutting or sawing out the plank between the rafters, leaving the latter standing about fourteen inches apart and being ten inches in diameter. On the 19th day of December, 1877, the complainant, Justice, died intestate. About the 1st day of September, 1878, R. C. McBroom and Alexander McBroom, who had become the purchasers of the mill property pending the previous litigation, and before the decree was rendered in the Chancery Court, again raised the dam to its original height by nailing plank on the rafters, thereby, with full knowledge of the decree of this court, creating the nuisance ordered to be abated by said decree. A petition is now presented by persons claiming to be personal representatives and heirs of W. S. Justice, stating the foregoing facts, and asking that the said R. C. and Alexander McBroom be attached, and held to answer for the contempt committed by violating the perpetual injunction of the decree, and that the decree be fully executed by cutting down the mill-dam in accordance therewith. The petition is sworn to by two of the petitioners.

A perpetual injunction granted upon the final hearing of a cause is a decree, and it is not necessary, for the purpose of keeping it alive, to revive upon the death of either the complainant or defendant. *Askew* v. *Townsend,* 2 Dick, 471; *Oldfield* v. *Cobbett,* 20 Beav., 563; *Yeomans* v. *Kilvington,* 1 Dick, 351. A violation of such decree by a party to the suit, or even by a third person, willfully and with knowledge, is ordinarily a contempt of court, and punishable ac-

cordingly. *Underwood's Case*, 2 Hum., 46; *Woodward* v. *Earl Lincoln*, 3 Swanst., 626. A purchaser of property *pendente lite* is, of course, bound by the decree against his grantor. *Williams* v. *Winans*, 5 C. E. Green., 392; *Railroad Company, ex parte*, 95 U. S., 221; *Gheen* v. *Osburne*, 11 Heis., 61; *Wills* v. *Whitmore*, 1 Tenn. Leg. Rep., 222. And such a purchaser, and, it seems, even a subsequent purchaser, might, after final decree, be proceeded against for contempt in violating it. *Vaughn* v. *Law*, 1 Hum., 123, 135; *Schalk* v. *Schmidt*, 1 McCarter, 268. It operates, like decrees in equity generally, *in personam*. Gilb. For. Rom., 86. And, although it does not abate in the sense of ceasing to exist upon the death of a party, yet, if any action is required to be taken, it must be revived. *Wharam* v. *Broughton*, 1 Dick, 137; *Hyde* v. *Greenhill*, 1 Dick, 106; *White* v. *Hayward*, 2 Ves., 464. Anciently the practice was to revive a decree in equity by a subpœna in the nature of a *scire facias*. *Sayer* v. *Sayer*, 1 Dick, 42; *Wharam* v. *Broughton*, 1 Ves., 180; *Cox* v. *McNamara*, 1 Hogan, 12. The defendant might, of course, make defense to the *scire facias* by demurrer or otherwise. *Brown* v. *Vermuden*, 1 Ch. Cas., 272; *Dunn* v. *Allen*, 1 Vern., 426. And he might be examined on interrogatories touching any other matters necessary to the proceedings. Anonymous, 2 Freem. Ch., 128; Pract. Reg., 90; Mitf. Pl., 84. But if there had been any proceedings subsequent to the decree, the process was ineffectual, as it revived the decree only, and the mode of proceeding was by bill. *Croster* v. *Wister*, 2 Rep. Ch. 67. It has since

become the custom to revive in all cases by bill. *Wharam* v. *Broughton*, 1 Ves., 184, 186; Mitf. Pl., 85; *Curtis* v. *Hawn*, 14 Ohio, 185. And if the rights of the parties become affected by any event subsequent to the institution of the suit, other than the death of the party, a bill of revivor and supplement, or an original bill in the nature of a bill of revivor and supplement, becomes indispensible. *Huet* v. *Lord Say and Seal.* Sel. Cas., Ch., 53; *Backhouse* v. *Middleton*, 1 Ch. Ca., 174; *Clare* v. *Wordell*, 2 Vern., 548; *Westcott* v. *Cady*, 5 J. Ch., 343.

This court has jurisdiction to make any enquiry incident to its final process in cases determined in it, and might revive a decree, like a judgment, in favor of privies, where the object was merely a revivor. *Newman* v. *Justices*, 1 Heis., 787. It is obvious, however, that it cannot entertain a bill of revivor and supplement, nor, *a fortiori*, an original bill in the nature of a bill of revivor and supplement to bring new parties before the court as purchasers *pendente lite*, and to contest the validity of their acts since the decree. The defendants must have their day in court to contest the rights of the plaintiffs, and the facts stated. There might be issues of law and fact constituting a new lawsuit, and involving the exercise of original jurisdiction. *Riggs* v. *White*, 4 Heis., 505. The remedy is in the Court of Chancery in which the cause originated. *Smith* v. *Van Bebber*, 1 Swan, 110; *Wilburn* v. *McCollom*, 7 Heis., 267.

The application is denied.